IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| HOME OF LIVING FAITH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 2:23-cv-00039 |
| | § | |
| CHURCH MUTUAL INSURANCE | § | |
| COMPANY, S.I. | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Church Mutual Insurance Company, S.I. ("Church Mutual" or "Defendant") hereby removes the action styled and numbered *Home of Living Faith, Inc v. Church Mutual Insurance Company, S.I.*, Cause No. 23-07-15204-ZCV, pending in the 293rd District Court of Zavala County, Texas to the United States District Court for the Western District of Texas, Del Rio Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I.
## SUMMARY OF NOTICE

1.      This lawsuit arises out of Plaintiff Home of Living Faith, Inc's ("Plaintiff") claim for coverage under a property insurance policy issued by Defendant for damage purportedly sustained to property owned by Plaintiff. Plaintiff asserts several common law and statutory causes of action against Defendant – a foreign insurance company organized under the laws of the State of Wisconsin, with its principal place of business in Wisconsin.

2.      Because the amount in controversy in this case plainly exceeds $75,000, and complete diversity of citizenship exists between Plaintiff and Defendant, removal of this action is

proper under 28 U.S.C. § 1332(a).

## II.
## STATE COURT ACTION AND VENUE

3.      Plaintiff commenced this action on July 26, 2023, by filing Plaintiff's Original Petition ("Original Petition") in the 293rd District Court of Zavala County, Texas – Cause No. 23-07-15204-ZCV against Defendant.

3.      Defendant was served with the Original Petition and citation on July 31, 2023.  Accordingly, Defendant files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b)(2)(B).

4.      Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. §§ 124(d)(5) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## III.
## BASIS FOR REMOVAL

4.      Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(a). Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity between the parties, and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees.

**A.      Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

5.      Plaintiff is, and was at the time this lawsuit was filed, a religious entity incorporated in the State of Texas with its principal place of business in Zavala County, Texas. Plaintiff is thus a citizen of Texas for the purposes of this Court's diversity jurisdiction.

6.      Defendant Church Mutual Insurance Company, S.I. is an insurance company

---

organized under the laws of the State of Wisconsin, with its principal place of business in Merrill, Wisconsin. Consequently, Church Mutual is a citizen of the state of Wisconsin for diversity jurisdiction purposes.

7.      Based on the foregoing, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendant.

**B.      Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000**

8.      If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Defendant's burden is satisfied.[1]

9.      Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed the sum or value of $75,000, exclusive of interest and costs." "To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it was filed. . . . An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith . . . ."[2]

10.      Here, Plaintiff's Original Petition states that Plaintiff's "seeks monetary relief over $250,000 but less than $1,000,000."[3] Church Mutual denies the validity and merits of Plaintiff's claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief in this action, it is facially apparent that the amount in controversy exceeds the minimum jurisdictional requirement of $75,000.00.

---

[1]   *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[2]   *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277, 57 S. Ct. 197, 200, 81 L. Ed. 183 (1936) (same).

[3]   *See Plaintiff's Original Petition,* attached as Exhibit B-1, p. 15.

11.    Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

**IV.**
**COMPLIANCE WITH 28 U.S.C. § 1446**

12.    As required by 28 U.S.C. § 1446(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

      a. the docket sheet in the state court action attached as Exhibit A to this Notice of Removal; and

      b. each pleading, writ, or order filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date), attached as Exhibit B to this Notice of Removal.

13.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of this Notice of Removal, and Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

**V.**
**JURY DEMAND**

14.    Plaintiff demanded a jury trial in its Original Petition.

**VI.**
**CONCLUSION**

WHEREFORE, Church Mutual Insurance Company, S.I. hereby provides notice that this action is duly removed from the 293rd District Court of Zavala County, Texas to the United States District Court for the Western District of Texas, Del Rio Division and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Lindsey P. Bruning*
    Lindsey P. Bruning
    State Bar No.24064967
    lbruning@zellelaw.com
    Kiri D. Deonarine
    Texas State Bar No. 24105298
    kdeonarine@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served on the following counsel of record in accordance with FEDERAL RULES OF CIVIL PROCEDURE on August 30, 2023:

    David M. Anderson
    State Bar No. 24064815
    Stephen P. Carrigan
    State Bar No. 03877000
    CARRIGAN & ANDERSON, PLLC
    101 N. Shoreline Blvd., Suite 420
    Corpus Christi, Texas 78401
    Tel:    (361) 884-4433
    Fax:    (361) 884-4434
    danderson@ccatriallaw.com
    scarrigan@ccatriallaw.com

    *Attorneys for Plaintiff*

                           */s/ Lindsey P. Bruning*
                             Lindsey P. Bruning